Austin vs. Williams.

---

No. 11,483.

L. L. AUSTIN VS. T. J. WILLIAMS, JR.

J. E. HEWITT, INTERVENOR AND THIRD OPPONENT.

A third opponent, contesting the rank of plaintiff's privilege, as well as the *bona fides* of his claim, must stand or fall by his allegations. Reserving the benefit of a suit against the defendant, he had previously filed, prevents his taking

anything, by way of opposition, that he seeks advantage of in such pending suit. Third opposition in one court can not be used or employed as an accessory of another suit in a different court.

APPEAL from the Ninth District Court, Parish of Red River.
    *Hall, J.*

*J. F. Pierson* and *C. W. Elam* Attorneys for Defendant and Appellant:

To entitle a creditor to intervene in the suit of another creditor of the common debtor it is necessary that such intervenor have a direct interest in the result of the suit by such other creditor, and the intervenor must be confined to his own interest therein.

Such a creditor can not intervene in the suit of another creditor against the common debtor for the purpose of obtaining in his own favor a separate judgment against the common debtor. Lincoln vs. New Orleans Express Company, 45 An. 729; 44 An. 843.

Where such a creditor, prior to his intervention in the suit of another creditor, has brought a separate suit against the common debtor, he will not be permitted, on intervening in the suit of another creditor against the common debtor, to disintegrate the issues involved in his own suit, and try such issues piecemeal in his intervention.

Where the cause of action is not stated in the petition with sufficient precision, and the effect has been to surprise the defendant and prevent him from setting up the proper defence, the case will be remanded with leave to amend. Gremillion vs. Bonaventure, 4 An. 60.

The decision of questions which turn on the construction of the petition, on which the rights of a litigant depend, ought not to irrevocably conclude such litigant in cases where the party and his counsel may well be misled. Barrett vs. Zacharie, 2 An. 656.

Where plaintiff demanded a jury trial, without putting up the jury fee, the case was placed on the jury docket, but not stricken from the non-jury docket; the defendant attended court till the judge announced there would be no jury the following week. The defendant failed to attend that week, and the plaintiff took judgment against him on the non-jury docket, when defendant had material testimony in his favor to offer. *Held:* The defendant

is entitled to a new trial, though the case should not have been placed on the jury docket.   Lanier vs. Shuler, 13 S. W. 614; 77 Tex. 24.

From the adoption of our C. P. it has been the settled construction of Arts. 389, 390 that the interest required to authorize an intervention must be direct and closely connected with the object in dispute, founded on some right, claim or lien either conventional or legal, and that ordinary personal creditors of a defendant have no right to interfere with the administration of justice between him and other individual creditors who are pursuing their claim in the ordinary mode of legal procedure.   Brown vs. Saul, 4 N. S. 434; Pierre vs. Marr, 7 N. S. 196.

---

The opinion of the court was delivered by

WATKINS, J.   The original suit was instituted by plaintiff on a claim of six hundred dollars for services rendered the defendant as overseer on his Elmwood plantation in the parish of Red River for and during the year 1893, and falling due on the first of December of that year.   Averring a special lien and privilege upon the crops grown on said plantation during that year, and his fear and belief that the defendant would part with or remove same, he obtained a sequestration thereof.

Soon after the aforesaid sequestration the intervenor appeared and filed opposition in the sequestration suit, the purport of which is that he had filed a suit on the 12th of December, 1893, against same defendant in the District Court of the parish of De Soto, wherein he claimed judgment for the sum of eight thousand six hundred and fifty-three dollars and forty-one cents, and in which he had procured the sequestration of certain property of the defendant, consisting of corn, cotton and cotton seed, which suit and seizure are referred to and made parts of his said opposition.

That in said court he also obtained an attachment of the defendant's property in said suit, situated in the parish of DeSoto, "and which your petitioner hereby affirms and in no way abandons." The opponent further represents that said sum of money was advanced by him to the defendant to enable him to make and gather his crops on the aforesaid plantation in the parish of Red River during the year 1893, and to secure which he has a lien and privilege on said crops as the furnisher of necessary plantation supplies.

He further represents that the plaintiff's suit was brought at the instance and through the procurement of the defendant, and that his property was sequestered with his consent, averring that the plaintiff was not indebted to the defendant, at the time, in any amount.

His prayer is for judgment against the defendant, enforcing his lien and privilege on the defendant's crop of 1893, and rejecting the demands of the plaintiff altogether, and especially his demand for a lien and privilege.

The plaintiff excepted to the petition of intervention, on the ground that it disclosed no cause of action and no interest in the subject matter of his suit, which opponent seeks to protect or defend, and therefore his opposition should be dismissed.

In the alternative of said exceptions being overruled, the plaintiff answers and avers that third opponent has not intervened in good faith, but that the purpose and object thereof is to hinder and delay him in recovering a judgment against the defendant with a recognition of privilege on his crops. He further avers that, by virtue of third opponent's having judicially made claim to a priority of privilege on the crops of the defendant and respondent, he has estopped himself from disputing the debt and privilege he asserts against the defendant, and hence the opposition should be dismissed.

The defendant, in answer to the third opposition, denies all and singular the allegations therein contained, and especially denies the allegations of fraud and collusion therein charged.

His answer to plaintiff's demand is a general denial. On these issues the case was tried and the following judgment rendered, to-wit:

First: In favor of the plaintiff against the defendant for the sum of five hundred and eighty-six dollars, recognizing and enforcing his lien and privilege as overseer on all the crops by the defendant produced on his Elmwood plantation, in the parish of Red River, in 1893, condemning same to be seized and sold.

Second: In favor of third opponent as against the defendant, "recognizing and enforcing his lien and privilege as furnisher of necessary plantation supplies, to the extent of seven thousand one hundred and thirty-five dollars, on all the crops made and raised by (the defendant) during the year 1893."

Third: That as between the plaintiff and the intervenor, the former is entitled to preference on the proceeds of sale.

From that judgment the defendant, alone, appealed, after making an unavailing effort to obtain a new trial. In this court neither the plaintiff nor the opponent has made any appearance, by counsel or brief, and neither has answered the appeal.

In this court defendant's counsel makes complaint of the second paragraph of the judgment alone, thus acquiescing in other portions of the decree.

The question for decision is, whether third opponent was entitled to recover a judgment against the defendant, " recognizing and enforcing his lien and privilege as furnisher of necessary plantation supplies, to the extent of seven thousand one hundred and thirty-five dollars, on all the crops made and raised (by him) during the year 1893;" or should it have been restricted to the question of fraud on the part of the plaintiff and defendant in the institution of this suit, and that of the relative rank of the respective privileges of the plaintiff and third opponent.

The defendant's contention is, that third opponent's right to judgment is confined to the last two propositions, and that the second paragraph of the judgment is *ultra petitionem*, and was a complete surprise to him, from the effect of which he is entitled to relief at our hands.

From the foregoing synopsis of the petition of third opposition, it appears that his complaint is, that at the time plaintiff filed suit, and sequestered the defendant's crops on his plantation in *Red River* parish, nothing was due him, and that the suit and sequestration were the result of a fraudulent combination between the plaintiff and defendant.

It is apparent that the object to be attained thereby was the defeat of plaintiff's seizure of defendant's crops, on which opponent claimed a superior, or ranking lien and privilege, and against which he had obtained writs of sequestration and attachment in his suit in De Soto parish, though he had not, at the time, procured a seizure thereunder.

Third opponent's effort was, undeniably, to forestall the plaintiff's seizure, and secure control of the defendant's crops, in such manner as to render his suit and writs in the parish of De Soto, effective.

The opening averment of his opposition proves this, for it makes specific reference to the De Soto suit, stating its date, amount claimed, the writs therein issued, and the relief prayed for, and is

33

concluded by the statement, "and which (suit) your petitioner hereby affirms, and in no way abandons."

The further averment in reference to the lien and privilege is adjuvatory of the allegation previously quoted in regard to the De Soo suit, to which it must be held to refer. His prayer for judgment against the defendant for the recognition and enforcement of his lien on the crops of 1893 must be taken in connection with the immediately following request, that the demands of the plaintiff be rejected, and especially his demand for a lien and privilege—the two being correlative parts of the same relief—each having reference to the principal object to be attained by the suit, the control of defendant's crops.

It must be observed that the third opponent demanded no writ, and obtained no seizure under his opposition. The assertion of his rank and priority over the claim and privilege of the plaintiff, as well as his charge of fraud against the plaintiff and defendant, are admissions of plaintiff's dominion and control of the *res*, rendering his opposition necessary.

We think third opponent's demand, properly construed, restricts his right to judgment to the question of fraud and rank of privilege, and that he was entitled to no other judgment or relief. Reserving, as he does in his petition, all of his rights and claims in the De Soto suit against the defendant, the third opponent must resort to that jurisdiction for the ascertainment and determination of same.

His third opposition in the Red River court can not be employed as an aid or auxiliary of his suit in the De Soto court against same defendant.

We are of opinion that the contention of the defendant is correct, and that the judgment appealed from should be amended and affirmed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be so amended as to eliminate therefrom that portion which recognizes the lien and privilege of third opponent for necessary plantation supplies furnished to the defendant to the extent of seven thousand one hundred and thirty-five dollars on all the crops made and raised by him during the year 1893, and that as thus amended same be affirmed, costs of appeal to be taxed against third opponent as appellee.